IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LYNNWOOD PERRY,              )
            Plaintiff,       )
                    )         Civil Action No. 05-1757
        v.            )         District Judge Arthur J. Schwab
                    )         Magistrate Judge Amy Reynolds Hay
THE COMMONWEALTH OF    )
PENNSYLVANIA; ET AL.,     )
            Defendants.   )

REPORT AND RECOMMENDATION

I.     RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendants Allegheny County, the Allegheny County Jail, Ramon C. Rustin and William L. Emerick (doc. no. 26) be denied.

II.    REPORT

Plaintiff, Lynwood Perry, is a Pennsylvania resident residing at 2916 Glenmawr Street, Pittsburgh, Pennsylvania.  He filed this action alleging that he was wrongfully detained in the Allegheny County Jail for ninety-seven (97) days.  Named as Defendants are:  the Commonwealth of Pennsylvania; the Pennsylvania Board of Probation and Parole (the Board); Catherine C. McVey, Chairman of the Board; David Sedon, employee of the Board; the County of Allegheny; the Allegheny County Jail (ACJ); Ramon C. Rustin, Warden of the ACJ; and William L. Emerick, employee of the ACJ.  Defendants Allegheny County, ACJ, Ramon C. Rustin and William L. Emerick (collectively referred to as the "Allegheny County Defendants") have filed a Motion to Dismiss the Complaint.  For the reasons that follow, the Motion should be denied.

Standard of Review

Pursuant to Fed. R. Civ. Proc. 12(b)(6), a motion to dismiss may be granted by the court if it is satisfied "that no relief could be granted under any set of facts that could be proved

consistent with the allegation."  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v.

Gibson, 355 U.S. 41 (1957).  The issue is not whether the plaintiff will prevail at the end but only

whether he should be entitled to offer evidence to support his claim.  Neitzke v. Williams, 490

U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The complaint must be read in

the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint

must be taken as true.  Estelle v. Gamble, 429 U.S. 97 (1976).[1]

Plaintiff's Allegations

Plaintiff alleges that on February 18, 2005, he entered guilty pleas on two criminal

indictments before the Honorable  Michael C. Connor, in the Superior Court of New Jersey for

Atlantic County.  Judge Connor sentenced Mr. Perry to five (5) years probation and forty-eight

(48) days confinement in the Atlantic County Jail, with time served.  On February 25, 2005,

Plaintiff completed serving his term of incarceration and was released from the Atlantic County

Jail.  Because he intended to live in Pennsylvania, the supervision of his probation was

transferred to the Commonwealth of Pennsylvania, Department of Probation and Parole (the

Board).  As a result of this transfer, Plaintiff was subject to the supervision of the Board and

Defendant Sedon.

On July 29, 2005, Plaintiff was arrested and charged with a violation of 18 Pa. Cons. Stat.

§ 6106 (violations of the Uniform Firearm Act).  Upon being informed of the Plaintiff's arrest,

Defendant David Sedon issued a "48 hour" detainer against Plaintiff, which resulted in his

detainment in the ACJ.  No order to detain Plaintiff or to transfer or extradite Plaintiff back to

---

1.  In addition, courts may consider matters of public record, orders, exhibits attached to the complaint
and items appearing in the record of the case in considering a motion to dismiss under Rule 12(b)(6).
Pryor v. National Collegiate Athletic Ass'n., 288 F.3d 548, 560 (3d Cir. 2002) (noting that documents
that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are
referred to in the plaintiff's complaint and are central to the claim and may be considered by the court in
deciding a motion to dismiss); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d
Cir. 1994); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir.
1990).

New Jersey was filed by his New Jersey Probation Officer, Gina Filardo, or by Judge Connor. In fact, Ms. Filardo indicated that neither she nor Judge Connor would take any action until the Pennsylvania charges were disposed of.

Defendants detained Plaintiff in the ACJ from July 29, 2005, until November 3, 2005, without any hearing. On October 28, 2005, Plaintiff's attorney for the Pennsylvania criminal charges filed an Emergency Application for Writ of Habeas Corpus with the Court of Common Pleas of Allegheny County. A hearing was scheduled to be heard on the application for November 4, 2005. On November, 3, 2005, the day before the hearing date, the Board served Defendant ACJ with an "Order to Release from Temporary Detention or To Cancel Warrant and Detain," dated November 3, 2005, effectuating the release of Plaintiff.

Liability against Allegheny County Defendants

Plaintiff's Complaint seeks to assert liability against the Allegheny County Defendants pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: (1) that the alleged misconduct was committed by a person acting under color of state law; and (2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Local governing bodies are deemed to be "persons" within the meaning of section 1983 and can be sued directly under the act for monetary, declaratory, or injunctive relief. Monell v. Department of Social Services, 436 U.S. 658 (1978). To establish municipal liability plaintiff must: (1) demonstrate the existence of an unlawful policy or custom, and (2) prove that the municipal practice was the proximate cause of his injury. Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). A municipality is liable "where the municipality itself causes the constitutional violation at issue." Canton v. Harris, 489 U.S. 378, 385 (1989). To establish

causation plaintiff must allege a "plausible nexus" or "affirmative link" between the violation and

the municipality's custom or practice.  Id. 915 F.2d at 850.  A municipality is not liable for the

alleged misconduct of its employees absent a link or nexus between the custom or policy and the

employee's misconduct because such liability would be predicated upon the doctrine of

*respondeat superior*.  Monell, 436 U.S. at 691.

Here, Plaintiff has set forth sufficient allegations to establish liability against the

Allegheny County Defendants.  In this regard, he has alleged that Allegheny County had a policy,

custom and practice of giving the Board and its agents authority to detain individuals without any

legal authority to do so.

The Allegheny County Defendants move to dismiss the Complaint on three bases:

a.      Plaintiff has failed to state any facts which would give rise to a
        cognizable cause of action against these Allegheny County
        Defendants;

b.      Pennsylvania's Interstate Compacts Concerning Parole permits
        receiving states to govern transferred parolees by the same
        standards as in state parolees, 61 P.S. §321; and

c.      Pennsylvania's Interstate Compacts Concerning Parole does not
        create an [*sic]* enforceable rights under 42 U.S.C. § 1983, Lines v.
        Wargo, 271 F.Supp.2d 649 (W.D. Pa 2003).

Motion, pp. 2-3 (doc. no. 26).  Because Plaintiff concedes the third basis, the following

discussion speaks only to the first two.

The Allegheny County Defendants first assert that Plaintiff has failed to state a claim.

Plaintiff's claim, however, invokes the inherent protections afforded by the Due Process Clause

of the Fourteenth Amendment.  In Morrissey v. Brewer, 408 U.S. 471 (1972), the Supreme Court

set forth the minimum due process requirements that apply to parole revocation proceedings.  In

so deciding, the Court first noted that, because parole revocation is not part of a criminal

prosecution, the full panoply of rights due a defendant in criminal proceedings does not apply to

parole revocations.  *Id*., 408 U.S. at 480. In this regard, the court reasoned that "revocation

deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." *Id*.  In Morrissey, the Supreme Court held that alleged parole violators are entitled to two hearings, one a preliminary hearing at the time of arrest and detention to determine whether there is probable cause to believe that the accused committed a violation of his parole, and the other somewhat more comprehensive hearing prior to the making of the final revocation decision.  Morrissey, 408 U.S. at 480.  In Gagnon v. Scarpelli, 411 U .S. 778, 782 (1973), the Supreme Court applied these requirements to alleged probation violators to ensure a prompt vindication of their due process rights.

Thus, when a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a Gagnon I hearing, that probable cause exists to believe that a violation has been committed.  Where a finding of probable cause is made, a second, more comprehensive hearing, a Gagnon II hearing, is required before a final revocation decision can be made.

Here, Plaintiff alleges that he never received either hearing required under Gagnon.  Thus, he has alleged a violation of his due process rights.  As Plaintiff point out, this is similar to the situation set forth in King v. Timmoney, 2003 WL 22436228 (E. D. Pa., Oct. 4, 2003), wherein the Court denied a Rule 12(b)(6) motion against the Montgomery County Prison and Montgomery County holding that detaining an individual for seventy-five days without a hearing on a bench warrant violated his Constitutional rights.

> We are satisfied that where, as here, it is alleged a person is detained in prison on an outstanding bench warrant without explanation or opportunity for a hearing for seventy-five days, a constitutional violation has been properly plead.  To be denied such a basic, inherent liberty cuts to the core of due process rights and must be given this Court's attention.

King v. Timmoney, at p. 5.  Thus, the Allegheny County Defendants' assertion that Plaintiff has failed to state a claim is both legally and factually unsupportable.

5

Next, the Allegheny County Defendants baldly assert that Pennsylvania law granted it authority to detain Plaintiff without a hearing.[2]  Specifically, Defendants claim that 61 Pa. Cons. Stat. § 331.17 granted the Board authority to detain Plaintiff for ninety-seven days without a hearing.  This statute provides as follows.

> The board shall have exclusive power to parole and reparole, commit and recommit for violations of parole, and to discharge from parole all persons heretofore or hereafter sentenced by any court in this Commonwealth to imprisonment in any prison or penal institution thereof, whether the same be a state or county penitentiary, prison or penal institution, as hereinafter provided.  It is further provided that the board shall have exclusive power to supervise any person hereafter placed on probation or parole (when sentenced to a maximum period of less than two years) by any judge of a court having criminal jurisdiction, when the court may by special order direct supervision by the board, in which case the probation or such parole case shall be known as a special case and the authority of the board with regard thereto shall be the same as herein provided with regard to parole cases within one of the classifications above set forth:  Provided, however, That the powers and duties herein conferred shall not extend to persons sentenced for a maximum period of less than two years, and nothing herein contained shall prevent any court of this Commonwealth from paroling any person sentenced by it for a maximum period of less than two years: And provided further, That the period of two years herein referred to shall mean the entire continuous term of sentence to which a person is subject, whether the same be by one or more sentences, either to simple imprisonment or to an indeterminate imprisonment at hard labor, as now or hereafter authorized by law to be imposed for criminal offenses. The power of the board to parole shall extend to prisoners sentenced to definite or flat sentences.

61 P.S. § 331.17.  This statute merely grants the Board supervisory powers over Plaintiff as a probationer.  It does not grant any right to detain.  Defendants do not cite to any other statutory authority granting them the ability to detain Plaintiff as a probationer.  Thus, they have not demonstrated as a matter of law they are entitled to dismissal in this action.  Consequently, their Motion to Dismiss should be denied.

---

2.  Pennsylvania's Interstate Compacts Concerning Parole provides the Board with authority to govern Plaintiff's probation in accordance with the laws governing probationers in Pennsylvania. *See* 61 P.S. § 321.

III.     CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss filed by Defendants Allegheny County, the Allegheny County Jail, Ramon C. Rustin and William L. Emerick (doc. no. 26) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated: 13 November, 2006

cc:     The Honorable Arthur J. Schwab
        United States District Judge

        All counsel of record by Notice of Electronic Filing